UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILYAN HASSAINE; SALIM SALAHI,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC.,<br><br>Defendant. | Civil No.   09CV2215-MMA (BGS)<br><br>**ORDER: (1) DENYING PLAINTIFFS' MOTION TO ALLOW ADDITIONAL DISCOVERY; AND (2) DENYING PLAINTIFFS' REQUEST TO REMOVE CONFIDENTIALITY DESIGNATION**<br><br>**[Doc. Nos. 42, 43]** |

On July 29, 2009, Plaintiff Lilyan Hassaine slipped on a puddle of washer fluid while shopping at Home Depot. Plaintiffs filed this action against Defendant alleging premises liability, negligence, and loss of consortium. Presently before the Court is Plaintiffs' motion for additional discovery, and for an order preventing Defendant from designating portions of Ms. Patterson's deposition "Confidential" under the operative Protective Order. Defendant opposes both requests.

On March 10, 2011, the Court held a hearing in order to set a briefing schedule for the present motion. (Doc. No. 41.) The Court directed the parties to file four-page briefs no later than March 18, 2011. (*Id*.) Since Plaintiffs are asking for discovery to be reopened, the Court directed Plaintiffs' counsel to include a declaration setting forth good cause and the circumstances constituting "excusable

neglect" that warrant an extension of time.[1]  *See* Fed. R. Civ. P. 6(b)(1).  The parties each filed briefs on March 18, 2011.  (Doc. Nos. 42, 43.)

### I.  PLAINTIFFS' MOTION TO REOPEN DISCOVERY

Federal Rule of Civil Procedure 16 states that "A schedule may be modified only for good cause and with the judge's consent."  When the motion to extend time is made after time has expired, "the court may, for good cause, extend the time . . . if the party failed to act because of excusable neglect."  Fed. R. Civ. P 6(b)(1).  The determination of excusable neglect takes into account: "(1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith."  *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234-35 (D. Kan. 2007).

Plaintiffs seek to reopen discovery in order to: (1) Obtain data reflecting the slips, trips and falls from all floor hazards in inside aisles at Home Depot stores for the last five years, including employee incidents, and not limited to product spills.  (2) Data reflecting the number of incidents of liquid spills in inside aisle floors of Home Depot stores for the last five years, including employee incidents, and not limited to product spills. (3) Additional testimony from Monica Patterson—Home Depot's corporate designee regarding the document production.[2]  (Doc. 43 at 4.)

Defendant opposes Plaintiffs' request to reopen discovery.  (Doc. No. 42 at 3.)  Defendant argues that all of the discovery being sought was the subject of two previous discovery motions and that Plaintiffs did not learn anything during Ms. Patterson's deposition that they should not have anticipated.  (*Id.*)  Defendant believes that Plaintiffs' motion is untimely, duplicative, and will result in prejudice.  (*Id.* at 2.)

///

///

///

---

[1] Fact discovery concluded November 19, 2010. (Doc. No. 26.)

[2] Plaintiffs state that they have two to three additional requests that were not identified in their briefing due to page constraints.  The Court notes, however, that Plaintiffs did not use all of the space allotted and chose to use one of their allotted pages to summarize inapposite cases.

### A. Relevant Background

#### 1. Judge Adler's Order Re: Discovery Dispute

This case was originally before Magistrate Judge Adler. On April 27, 2010, the parties filed a Joint Motion for Determination of Discovery Dispute regarding Home Depot's motion for a protective order. (Doc. No. 15 at 1.) Defendant sought a protective order to limit the scope of Plaintiffs' requests for production, including requests number five and eleven.[3] (Doc. No. 15 at 2.) Defendant objected to Plaintiffs' requests as being irrelevant, overbroad, and unduly burdensome. (*Id.*) Defendant specifically objected to request number five as "patently overbroad" because, as worded, "the request arguably calls for production of documents regarding an incident that may have occurred in 1983 at a store in Vermont in which a customer claimed they were injured when another customer bumped them with a shopping cart . . . ." (*Id.* at 22.) Likewise, Defendant objected to request number eleven because it asked for "all documents relating to, referring to, or reflecting slips, trips, and/or fall types [sic] accidents occurring at Home Depot stores nationwide over the last five years" because the request was overbroad with respect to time and scope and sought documents not relevant to the issues in the case. (*Id.* at 26.)

Judge Adler held a telephonic discovery conference on May 6, 2010, and issued an order on May 10, 2010 that directed Defendant to produce "summary-type documents reflecting a collection or amalgamation of data." (Doc. No. 17 at 1.)   He limited the relevant incidents to those "concerning injuries caused by *floor hazards* resulting from *product spills* on *inside aisles* during the past *three* years

 . . . ." (*Id.*) (emphasis added). Judge Adler specifically stated that "Defendant need not produce documents reflecting the minutiae or details of personal injury incidents occurring at each of Defendant's stores throughout the country." (*Id.*)

This case was transferred to the undersigned on June 4, 2010. (Doc. No. 18.) After the transfer

---

[3]Request No. 5: "All DOCUMENTS RELATING TO, REFERRING TO, OR REFLECTING all local, regional, and national data possessed or controlled YOU [sic] and/or YOUR AGENTS, including but not limited to Sedgwick CMS, collected on customer personal injury accidents inside HOME DEPOT stores nationwide, including, but not limited to the HOME DEPOT STORE where the INCIDENT occurred." (Doc. No. 15, Ex. A.)

Request No. 11: "All DOCUMENTS RELATING TO, REFERRING TO, OR REFLECTING slips, trips, and/or fall types [sic] accidents occurring at HOME DEPOT stores nationwide over the last five years." (*Id.*)

the parties requested an extension of time to complete all fact discovery. (Doc. No. 19.) The Court granted the request and continued the fact discovery deadline to November 19, 2010.[4] (Doc. No. 26.) (*Id*.) The Court's order cautioned the parties that the dates and deadlines set in the amended scheduling order would "not be modified without a showing of extraordinary circumstances." (*Id*.)

### 2. Judge Skomal's Order Following the October 1, 2010 Discovery Hearing

In August 2010 another discovery dispute arose. The parties were directed to file a Joint Motion for Determination of Discovery Dispute and the Court set a hearing for October 1, 2010. (Doc. Nos. 21-22, 24.) The discovery dispute concerned Plaintiffs' contention that Defendant failed to comply with Judge Adler's order regarding document production and the deposition of Defendant's Fed. R. Civ. P. 30(b)(6) witness. (Doc. No. 22.) Plaintiffs also moved to compel production of documents responsive to request number 1.[5] Plaintiffs had not brought this request up during the previous discovery dispute and, accordingly, Judge Adler did not include it in his order limiting Defendant's production. (*See* Doc. Nos. 15, 17.) This Court conducted a thorough review of the papers filed in support of the discovery dispute brought before Judge Adler, Judge Adler's order, and the papers filed in support of Plaintiffs' August 2010 motion to compel further production and produce an appropriate 30(b)(6) witness. The Court also heard extensive argument from counsel. During the hearing counsel for both parties discussed Home Depot's databases in relation to the information produced in the summary-type documents. (Doc. No 27 at 6-7, 11, 13-21.)

The Court ruled that Defendant complied with Judge Adler's order as it related to document production, but ordered Home Depot to produce a different corporate witness regarding creation of the summary-type document of incidents. The Court anticipated the deposition would address how the summary document was prepared, "from what database it was prepared, and explore the completeness of the preparation and whether or not the database itself is reliable and complete." (Doc. No. 27 at 19, 21;

---

[4]This case has a pretrial conference set for July 11, 2011, and trial will commence August 8, 2011.

[5]Request No. 1: "All DOCUMENTS RELATING TO, REFERRING TO, OR REFLECTING any incident reports, accidents, complaints and/or claims YOU have received in the last five years, involving, regarding or concerning the condition of the floor in the HOME DEPOT store where the INCIDENT occurred, including, but not limited to the PREMISES." (Doc. No. 22 at 6; Doc. No. 15, Ex. A.)

Doc. No. 28.) Finally, the Court addressed Plaintiffs' request for documents number one and ordered Defendant to produce the claims files for the two similar incidents (injuries caused by floor hazards resulting from product spills on inside aisles) that occurred in the subject store during the three years preceding Plaintiff's fall. (*Id*. at 31; Doc. No. 28.)

Defendant produced Ms. Monica Patterson, the Rule 30(b)(6) witness, for deposition on November 5, 2010. (Boylan Decl., Doc. No. 43-1 at ¶ 3.) Ms. Patterson testified that the company searched its database in order to comply with the order requiring that Home Depot produce a document containing summaries of each responsive claim and injury.[6] (Doc. No. 42 at 3 n.1.) Ms. Patterson also testified: "There are no slips, trips, falls in floor product spills in Juris that are not contained here." (*Id*.)

### B. Discussion

Fact discovery concluded on November 19, 2010. Neither party made a motion to extend time, nor raised this issue with the Court prior to the discovery deadline. Counsel jointly called the Court on January 12, 2011 to bring attention to Plaintiffs' request for further discovery.[7] (Boylan Decl., Doc. No. 43-1 at ¶ 4.) The Court decided to postpone having the parties brief this dispute until after the Mandatory Settlement Conference that was set for January 27, 2011. (*Id*.) The case did not settle. (Doc. No. 32.) Plaintiff did not call the Court to discuss this discovery issue again until March 3, 2011. (Boylan Decl., Doc. No. 43-1 at ¶ 5.) Plaintiffs' counsel was instructed to meet and confer with counsel for Defendant and to call back together pursuant to the chambers' rules. (*See id.*) The parties jointly called on March 8, 2011. (*Id*.) Plaintiffs waited 34 days after the Mandatory Settlement Conference to express to the Court that they wanted to reopen discovery.

The parties have already produced expert reports and experts were deposed in January and February 2011. (Doc. 42. at 4.) Defendant has filed a Motion for Summary Judgment that is currently under submission. (Doc. Nos. 30, 37.) Defendant argues that if Plaintiffs are permitted to reopen discovery new expert reports and depositions will be required, and new summary judgment briefing will

---

[6] Juris is another database that Home Depot uses to maintain information regarding accidents reported by the company's stores. "Juris . . . is reported to Sedgwick (the claims management service company that Home Depot used) ." (Doc. No. 42 at 4 n. 1; citing Deposition of Monica Patterson, pp. 64-65.) "The only thing that is in Juris that is not in the database is claim adjusting notes." (*Id*.)

[7] Judge Skomal's Chambers' Rules require parties to raise discovery disputes within 30 days of the event giving rise to the dispute.

potentially be necessary. (*Id.*)

In support of his argument for excusable neglect, Plaintiffs' counsel explained that he needed to analyze Ms. Patterson's deposition transcript before he determined that he wanted further discovery into Home Depot's claims database and document production. (Boylan Decl., Doc. No. 43-1 at ¶ 3.) Counsel's explanation vaguely referenced that the transcript was not delivered until the "holidays" and further stated that the "holidays were generally a non-working period for [his] office." (*Id.*) Counsel stated that he met and conferred with Defendant concerning this discovery issue on December 20, 2010, and that they agreed to wait to bring the issue to the Court's attention after the holidays. (*Id.*) It appears that the transcript may have been delivered to Plaintiffs' counsel around the Thanksgiving holiday—after the conclusion of fact discovery—but that the parties decided to wait until after Christmas and the New Year before contacting the Court.[8]

Plaintiffs' counsel also argued he did not move to reopen discovery immediately after the Mandatory Settlement Conference because he directed his attention to drafting the Opposition to Defendant's motion for summary judgment. (*Id*. at ¶ 5.) Finally, Plaintiffs' counsel argued that Defendant is responsible for the delay in presenting these matters to the Court. (*Id*. at ¶ 6.) Plaintiffs' counsel contends that Defendant did not comply with Fed. R. Civ. P 26(f) regarding discussing discovery of electronically stored information during the Rule 26 conference. (*Id.*)

The Court notes that the Joint Scheduling Conference Report and Proposed Discovery Plan submitted to Judge Adler specifically states that "the parties agree that any information relevant to this matter which is currently stored electronically may be produced in written form." (Lodged with Hon. Jan M. Adler on Dec. 30, 2009.) Based on the record before the Court, it appears that Defendant complied with Rule 26 and that the parties agreed to produce any electronic information in written format.

The Court does not find that Plaintiffs' reasons constitute good cause to warrant reopening discovery. There is significant danger of prejudice to Defendant if discovery is reopened and expert reports and depositions need to be revisited. Expert discovery is time intensive and costly. There is also prejudice to Defendant in forcing them to respond to duplicative discovery that has already been the

---

[8]The Court was not contacted about the disputes until more than a week after the "holidays."

subject of two fully briefed motions. The discovery Plaintiff wants is the exact discovery that Defendant objected to in its response to requests for production numbers five and eleven. (Doc. No. 15, Ex. A at 22-23, 26-27.) For reasons not necessarily limited to the burdensome nature of the search, Judge Adler limited Defendant's production obligation to "floor hazards resulting from product spills on inside aisles during the past three years." (Doc. No. 17.) This Court confirmed that decision and determined that Defendant's production complied with the order. (Doc. Nos. 27-28.)

Notwithstanding Plaintiffs' failure to show good cause, the discovery Plaintiffs request is duplicative of the prior requests. Defendant has already produced summaries for all substantially similar incidents. Moreover, allowing additional discovery will necessarily delay resolution of this case because it will likely result in another motion for summary judgment that would impact the dates set for the pretrial conference and trial. Accordingly, Plaintiffs' motion to reopen discovery is **DENIED**.

## II. PLAINTIFFS' REQUEST TO REMOVE CONFIDENTIAL DESIGNATION

On January 11, 2010, the parties filed a Joint Motion for Protective Order. (Doc. No. 13.) The proposed protective order included the following relevant language:

> 1.7 "Confidential Material": any Disclosure or Discovery Material that is designated to be "Confidential". Defendants may produce documents which they consider proprietary and confidential. Such documents may include, but are not limited to, business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), surveillance videos, store maps, manuals, written policies and procedures, training materials, criminal background check reports, drug test results, and/or inspection or accident reports. This Stipulated Protective Order is intended to cover, and apply to, not only any and all documents produced by Defendants in this litigation that are designated "Confidential," and any information contained in those documents, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

Judge Adler entered the Protective Order, including the exact language above, on January 13, 2010. (Doc. No. 14.) Plaintiffs request that the Court interpret the existing Protective Order to "not include the material designated confidential by Home Depot." (Doc. No. 43 at 4.) In the alternative, Plaintiffs argue that the Protective Order should be amended to "make clear that the designated material is not within its scope." (*Id.*) Plaintiffs, however, stipulated to this language and sought to have the Court enter the protective order with this confidentiality provision. Plaintiffs are permitted to use the information designated as confidential throughout these proceedings and have effectively done so.

Defendant designated facts relating to Home Depot's claims database as confidential. The Protective Order contemplates such information being marked as such because it includes documents of a "sensitive nature. . .manuals, written policies and procedures, training materials. . .and/or inspection or accident reports." Plaintiffs chose to enter into this agreement and have not provided the Court with sufficient reasons to establish that Defendant's designations are improper pursuant to the terms of the Protective Order. Accordingly, the Court declines to interpret the Protective Order in a manner that contradicts the explicit terms of section 1.7. The Court further declines to amend the Protective Order to remove the language defining what constitutes confidential material. Plaintiffs' request is **DENIED**.

### III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs' request to reopen discovery in order to conduct additional discovery relating to Defendant's document production is denied. Plaintiffs' request to prevent Defendant from designating testimony as confidential pursuant to the terms of the operative protective order is also denied. Finally, Plaintiffs request to submit exhibits in support of their requests to reopen discovery is denied.

IT IS SO ORDERED.

DATED: March 30, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court