1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    LILYAN HASSAINE and SALIM SALAHI,              CASE NO. 09-cv-2215 MMA (BGS)

12                                   Plaintiffs,     **ORDER OVERRULING**
                                                     **PLAINTIFF'S OBJECTIONS TO**
                    vs.                              **MAGISTRATE JUDGE'S MARCH**
13                                                   **30, 2011 ORDER**

14    HOME DEPOT U.S.A., INC., a Delaware
      Corporation, and DOES 1 through 15,            [Doc. No. 50]
15    inclusive,

16                                  Defendants.

17

18          Plaintiff Lilyan Hassaine has filed objections to the Magistrate Judge's March 30, 2011

19    Order denying her requests to reopen discovery and remove confidentiality designations under

20    Federal Rule of Civil Procedure 72(a).[1]  [Doc. No. 50.]  Defendant Home Depot, U.S.A., Inc.

21    ("Home Depot") filed a response, and the Court thereafter deemed the matter under submission

22    pursuant to Civil Local Rule 7.1.d.1.  For the reasons stated herein, the Court **OVERRULES**

23    Plaintiff's objections to the Magistrate Judge's Order.

24                            **I. RELEVANT BACKGROUND**

25          Plaintiff alleges on July 29, 2009, she was a business invitee at one of Home Depot's

26    stores, and while shopping she slipped on a puddle of liquid on the floor, fell, and suffered

27    _____

28          [1]Salim Salahi is no longer a party to this action. [*See* First Amended Compl., Doc. No. 52.]

1   physical injuries.  Plaintiff filed this action in San Diego Superior Court, and Home Depot

2   removed the action to federal court based on diversity of citizenship.

3          On January 11, 2010, the parties filed a joint motion for the Court to enter a stipulated

4   protective order regarding the use and disclosure of confidential information. [Doc. No.13.]  On

5   January 13, 2010, the Court granted the parties' joint motion, and entered the Protective Order,

6   which adopted the parties' stipulated terms. [Doc. No. 14.]

7          On April 27, 2010, the parties filed a joint motion for determination of a discovery dispute

8   before Magistrate Judge Jan M. Adler.  [Doc. No. 15.]   The dispute focused, *inter alia*, on

9   Plaintiff's request for production numbers 5 and 11, which sought in pertinent part, "all documents

10  relating to . . . customer personal injury accidents inside Home Depot stores nationwide" (request

11  number 5), and "All documents relating to . . . slips, trips, and/or fall type[] accidents occurring at

12  Home Depot stores nationwide over the last five years" (request number 11).   [Id, pp. 22, 26.]

13         Home Depot argued Plaintiff's request for documents was too broad because she did not

14  articulate how her request for information is sufficiently similar to be relevant.  [Id, p. 4.]  Home

15  Depot also argued Plaintiff's request for "all documents" was unduly burdensome because it

16  would require Home Depot to search for every document located in every one of its 1,800 stores

17  across the nation.

18         On May 10, 2010, Magistrate Judge Adler issued an order to resolve the parties' dispute:

19         Defendant shall produce responsive documents concerning injuries caused by floor
           hazards resulting from product spills on inside aisles during the past three years, in
20         accordance with the directives provided by the Court during the May 6, 2010
           conference. As discussed at the conference, Defendant need only produce corporate
21         level (i.e., not store-level) or summary-type documents reflecting a collection or
           amalgamation of data.  Defendant need not produce documents reflecting the minutia
22         or details of all personal injury incidents occurring at each of Defendant's stores
           throughout the country.

23  ["May 10, 2010 Order," Doc. No. 17.]

24         The case was transferred to Magistrate Judge Bernard G. Skomal on June 4, 2010.

25  Thereafter, the parties filed another joint motion for determination of discovery dispute.  [Doc. No.

26  22.]  Plaintiff argued Home Depot did not comply with the May 10, 2010 Order, and the Court

27  should require Home Depot to produce additional documents.

28

1    On October 1, 2010, the Court held a discovery hearing.  The Court ruled Defendant

2    complied with the May 10, 2010 Order, and did not need to produce additional documents.  Fact

3    discovery concluded on November 19, 2010.  [*See* Doc. No. 26.]

4    *A.  The Disputed Discovery*

5    On January 12, 2011, the parties jointly contacted the Magistrate Judge's chambers to

6    inform the Court they had another discovery dispute.  The Magistrate Judge determined the

7    discovery dispute should be addressed after the mandatory settlement conference, which was set

8    for January 27, 2011.  The Magistrate Judge held the conference, and the case did not settle.

9    Thereafter, Plaintiff's counsel contacted the Magistrate Judge's chambers on March 3, 2011, to re-

10   raise the discovery dispute.

11   On March 10, 2011, the Magistrate Judge ordered the parties each to file a four-page

12   supplemental brief.  Plaintiff argued discovery should be reopened so that she could obtain

13   additional data and take additional deposition testimony.  Plaintiff averred discovery should be

14   reopened because Home Depot did not properly disclose, under Federal Rules of Civil Procedure

15   16 and 26, that they maintain a claims database from which accident information could be easily

16   produced.  [Doc. No. 43, p.4.; Doc. No. 43-1, ¶ 6.]  She argued that if Home Depot properly

17   disclosed the database in 2009, then Magistrate Judge Adler's May 10, 2010 Order would not have

18   imposed such stringent limitations on her requests for documents numbers 5 and 11.  Plaintiff

19   argued she only learned of the database shortly before October 2010, and that the substance of the

20   database was revealed during the deposition of Monica Patterson, Home Depot's corporate

21   counsel and person most knowledgeable designee under Rule 30(b)(6).  [Doc. No. 43-1 ¶ 10.]

22   Plaintiff seeks the following additional discovery: (1) data regarding slip and fall incidents,

23   including employee incidents, due to all floor hazards in inside aisles at Home Depot stores for the

24   last five years; (2) data reflecting the number of liquid spill incidents in inside aisle floors of Home

25   Depot stores for the last five years, including employee incidents; and (3) additional testimony

26   from Monica Patterson regarding the data production.  Plaintiff also requested the Court to issue

27   an order preventing Home Depot from designating portions of Ms. Patterson's deposition as

28

1    "Confidential" under the Protective Order.  [Doc. No. 43, p. 4.]

2            Plaintiff argued that during Patterson's deposition, Home Depot's counsel repeatedly

3    designated "every fact related to the ████ database as confidential."  [Doc. No. 43, p.5.]  Plaintiff

4    provided the following examples of facts Home Depot designated as confidential under the

5    Protective Order: (a) ████████████████████████████████████████████

6    ████████████████ (b) ████████████████████████████████████

7    ████████████ (c) ████████████████████████████████████████

8    ████████████████████████ and (d) ████████████████████████████

9    ████████████████████████ Plaintiff argued Home Depot misused the Protective

10   Order because the order was not intended to conceal personal injury liability information, and

11   instead was intended to protect Home Depot from competitive business harm. [Doc. No. 43, p.5.]

12   Plaintiff further argued that if the Court permitted Home Depot to designate such information as

13   confidential under the Protective Order, the Court would be an "inadvertent co-actor[] in the

14   concealment of liability information." [Id.]

15           Home Depot opposed Plaintiff's requests on grounds that her requests were the subject of

16   two prior discovery disputes that the Court had previously considered and decided.  Home Depot

17   further argued additional testimony from its corporate designee is unnecessary because "[n]othing

18   was learned during Ms. Patterson's deposition that revealed avenues of discovery that could not

19   have been anticipated by Plaintiffs," and thus the requested discovery had already been resolved

20   by the Court's prior orders. [Doc. No. 42.]

21           On March 30, 2011, Magistrate Judge Skomal denied Plaintiff's request to conduct

22   additional discovery relating to Defendant's document production, and denied Plaintiff's request to

23   prevent Home Depot from designating testimony as confidential under the Protective Order.  [The

24   "March 30, 2011 Order," Doc. No. 49.]  On April 8, 2011, Plaintiff filed timely objections to the

25   March 30, 2011 Order.  On April 18, 2011, Home Depot filed its response to Plaintiff's objections,

26   and the Court deemed the matter under submission.

27

28

1   / / /

2                                    **II. LEGAL STANDARD**

3           District court review of magistrate judge orders on non-dispositive motions is limited.  A

4   district judge must consider timely objections and modify or set aside a magistrate judge's order

5   on a non-dispositive motion only "where it has been shown that the magistrate [judge's] order is

6   clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a).

7   "The 'clearly erroneous' standard applies to the magistrate judge's factual determination and

8   discretionary orders and will be overturned 'only if the district court is left with the definite and

9   firm conviction that a mistake has been made.'"  *Center for Biological Diversity v. Federal*

10  *Highway Admin.*, 290 F. Supp.2d 1175, 1199 (S.D. Cal. 2003) (quoting *Weeks v. Samsung Heavy*

11  *Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).  Plaintiff does not contend the Magistrate

12  Judge's conclusions were contrary to law, thus the relevant inquiry turns upon whether the

13  Magistrate Judge's decisions were clearly erroneous.

14                                   **III. DISCUSSION**

15          Plaintiff objects to the Magistrate Judge's March 30, 2011 Order to deny reopening

16  discovery on grounds that the decision was premised on unsound reasoning.  Plaintiff also argues

17  the Magistrate Judge clearly erred when he summarily found Plaintiff had not provided sufficient

18  reasons to conclude Home Depot's designations were improper under the terms of the stipulated

19  Protective Order.

20          *A.  Plaintiff's Request to Reopen Discovery*

21          Plaintiff asserts the Magistrate Judge clearly erred in reasoning that Plaintiff's discovery

22  request is duplicative of her previous requests.  Plaintiff avers the discovery she seeks is different

23  because, *inter alia*, the "scope and time frame" of her requests are different.  Plaintiff's argument,

24  however, discounts the fact that Magistrate Judge Adler already considered the subject matter of

25  Plaintiff's present requests, and limited the scope and time frame of such requests in his May 10,

26  2010 Order.  Also, when Magistrate Judge Skomal concluded Plaintiff's discovery request is

27  duplicative, he relied on Monica Patterson's deposition testimony that "[t]he only thing that is in

28  █████that is not in the database is claim adjusting notes," and "[t]here are no slips, trips, falls in

floor product spills in ▉▉▉ that are not contained [in the information produced to Plaintiff]."

[Doc. No. 49, p. 5 quoting Patterson Depo., pp. 64-65 .]  Even though Plaintiff relies on other

portions of Patterson's deposition testimony to suggest Patterson was "coached" to make this

statement, this Court is not convinced it was clear error to rely on Patterson's testimony that the

information in ▉▉▉ is largely cumulative.

Plaintiff contends additional discovery should nevertheless be permitted because Home

Depot misled Magistrate Judge Adler regarding how burdensome Plaintiff's initial request for

production would be, resulting in unduly restrictive limitations on her request numbers 5 and 11.

Plaintiff avers Magistrate Judge Skomal had no logical basis for concluding Magistrate Judge

Adler's May 10, 2010 Order limited Home Depot's production obligation "for reasons not

necessarily limited to the burdensome nature of the search." [Doc. No. 49.]  This Court disagrees.

When Magistrate Judge Adler issued the May 10, 2010 Order, he did so after considering

arguments pertaining to burden and relevance.  The record shows Home Depot argued that

Plaintiff's request for documents was overly broad, and she sought irrelevant documents that were

insufficiently similar to her incident.  [Doc. No. 15, p.4-5.]  The language in the May 10, 2010

Order indicates Magistrate Judge Adler limited Home Depot's document production to only

product spills that occurred within a three year time-frame to account for concerns regarding

relevancy.  It is reasonable to infer these limitations were imposed in response to concerns of

relevancy, and not burden, because such limitations would not alleviate any purported burden of

searching each Home Depot store for information.  Accordingly, it was not clearly erroneous to

conclude Home Depot's production obligations were limited for reasons other than burden.

Plaintiff next asserts the Magistrate Judge clearly erred in ignoring Plaintiff's argument

that Home Depot omitted from its data production information about employee incidents, which

Plaintiff avers are "clearly within the scope" of the May 10, 2010 Order.  However, the record

shows the parties and the Court were operating with the understanding that the relevant data at

issue concerned customer-related incidents, and not employee-related workers' compensation

claims.  [*See e.g.*, *Pl's. Statm't ISO Compelling Production*, ("Information regarding *customer*

*personal injuries that have occurred in Home Depot stores is relevant . . . .*") (emphasis added),

Doc. No. 15, p.11.]  Also, the May 10, 2010 Order describes the discovery at issue as "personal injury incidents," and not workers' compensation claims or incidents.  Based on the record, it is not clear that employee incidents were included in the scope of the May 10, 2010 Order, and thus it was not clear error to disregard Plaintiff's argument on this ground.

Plaintiff next contends it was clear error for the Magistrate Judge to dismiss Plaintiff's argument and evidence that Home Depot failed to comply with its disclosure obligations under Federal Rules of Civil Procedure 16 and 26 by allegedly concealing the existence of an additional database in December 18, 2009.  Plaintiff's counsel contends he first learned the database existed shortly before the October 1, 2010 discovery hearing.  (Exh. B Boylan Decl. ¶ 10.)  Plaintiff argues that if the database had properly been disclosed in 2009, Magistrate Judge Adler's May 10, 2010 Order would not have imposed such strict limitations on Plaintiff's document requests.

The Magistrate Judge's March 30, 2011 Order recounted the untimeliness of Plaintiff's request, as well as acknowledged Plaintiff's Rule 26 argument.  [Doc. No. 49, p.6.]  The Magistrate Judge also found that based on the record, it appeared Home Depot "complied with Rule 26 and that the parties agreed to produce any electronic information in written format [in accordance with their joint proposed discovery plan.]"  [Id.]

The March 30, 2011 Order reasonably concluded Plaintiff's request, based on the assertion that Home Depot failed to comply with its disclosure obligations, was belated and therefore militated against reopening discovery.  *See, Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (appropriate for federal courts to set schedules and enforce compliance with deadlines).  Plaintiff's counsel learned the database existed shortly before October 1, 2010.  Plaintiff was therefore required to raise this issue before the Magistrate Judge within 30 days thereafter, by October 30, 2010 at the latest.  [*See* Doc. No. 49, fn.7.]  Plaintiff's counsel did not raise the discovery dispute until January 12, 2011.  Plaintiff's argument that she did not fully understand the content and use of the database until December 2010, after she deposed Home Depot's corporate designee and analyzed the deposition transcript, is unavailing.  [Boylan Decl. ¶ 3.]  Acquiring additional information about the database's content was not necessary in order to raise the issue that Home Depot allegedly failed to disclose the database in

1  the first instance.

2  　　　　Furthermore, although the Magistrate Judge's chambers agreed to postpone consideration

3  of Plaintiff's argument to reopen discovery until after January 27, 2011, the inexcusable further

4  delay of failing to raise the dispute immediately thereafter is likewise unavailing.  Plaintiff did not

5  re-raise the issue until March 3, 2011.  Plaintiff's explanation that her counsel's attention turned

6  toward preparing an opposition to the summary judgment motion for the majority of the month of

7  February 2011 does not excuse Plaintiff's untimely request.

8  　　　　Additionally, the Magistrate Judge did not clearly err in concluding that Plaintiff's reasons

9  for reopening discovery did not constitute good cause.  For example, the Magistrate Judge denied

10  the request to reopen discovery in part on grounds that additional fact discovery would likely

11  affect expert discovery, which can be time-sensitive and costly.  Plaintiff avers it would only take

12  a matter of hours to produce the additional documents and testimony requested.  While this may be

13  true, it is also reasonable to anticipate that the additional discovery could result in the need for

14  revised expert reports and additional depositions of expert witnesses, thereby further escalating

15  time and costs for items that were previously determined complete.  Moreover, the Magistrate

16  Judge also considered Plaintiff's arguments about the type of additional discovery she seeks (*see*

17  *supra,* p. 5), as well as the limitations imposed by the May 10, 2010 Order (*see supra,* p. 6), and

18  determined such reasons did not constitute good cause.

19  　　　　Although some of the reasoning in the Magistrate Judge's March 30, 2011 Order may be

20  difficult to discern, such as how Plaintiff's requested discovery could result in the filing of

21  additional motions for summary judgment that would delay resolution of the case; why the

22  Magistrate Judge found Plaintiff did not use the entire page limitation space in her brief when she

23  used all the space allotted; or why the Magistrate Judge determined Home Depot complied with its

24  Rule 26 disclosure obligations in 2009 by providing electronic information in written format when

25  Plaintiff avers her counsel did not learn the ███ database existed until 2010; these discrepancies

26  do not warrant setting aside the ultimate conclusion that discovery should not be reopened.  "The

27  reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes v.*

28  *City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  The Magistrate Judge

1    declined to reopen discovery on multiple adequate grounds as previously discussed.

2        For the aforementioned reasons, Plaintiff's objections to the Magistrate Judge's March 30,

3    2011 Order denying to reopen discovery are overruled.  However, to the extent Plaintiff suggests it

4    would be unjust for Home Depot to use information from the ████ database it has not produced,

5    the Court agrees.  The Court hereby orders that Home Depot is precluded from relying upon or

6    using information from the ████ database that was not produced to Plaintiff.

7        *B.    Plaintiff's Request to Remove Confidentiality Designations*

8        Plaintiff primarily asserts the Magistrate Judge clearly erred when he concluded Plaintiff

9    failed to "provide . . . sufficient reasons" to show Defendant's confidentiality designations are

10   improper under the terms of the Protective Order because the Magistrate Judge only permitted four

11   pages of briefing to present her arguments.  Plaintiff avers the Magistrate Judge did not adequately

12   consider and rule on her public policy argument that courts which enforce such protective orders

13   may become "inadvertent co-actors in the concealment of liability information."  [Doc. No. 43,

14   p.4.]

15       The Magistrate Judge's March 30, 2011 Order determined Plaintiff had "not provided the

16   Court with sufficient reasons to establish that Defendant's designations are improper . . . ."  [Doc.

17   No. 49.]  Although the Magistrate Judge's Order does not contain further explanation, it can

18   reasonably be inferred from the Order that the Magistrate Judge considered Plaintiff's arguments,

19   including her public policy argument, and found them insufficient.  Furthermore, the

20   undersigned's review of the authorities Plaintiff relied upon shows that they are readily

21   distinguishable, and the Court does not find clear error in the Magistrate Judge's determination.

22       For example, Plaintiff relies on *Nauchop v. Dominos Pizza, Inc.*, 138 F.R.D. 539 (N.D.

23   Ind.1991), to support the proposition that federal courts may be inadvertent co-actors in concealing

24   liability information.  The Court finds *Nauchop* inapposite.  In *Nauchop*, the court denied the

25   defendant's motion for entry of a protective order on grounds that the general risk of public

26   disclosure or collaborative sharing of information did not constitute good cause.  *Id* at 544.  It is

27   not readily apparent how *Nauchop* supports Plaintiff's proposition.  Moreover, courts have found

28   protective orders that limit the dissemination of liability information regarding the processes and

policies of a company as not unduly restrictive.  *See e.g.*, *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989) (affirmed district court's entry of protective order in product liability action that restricted use of materials to only those involved with the case, notwithstanding the plaintiffs' claim of harm from inability to share and compare information with other litigants in other cases.)

Further, although allowing a larger number of pages in the briefing would likely have provided the Magistrate Judge with a more comprehensive record to assess the issues, this type of determination falls within the exercise of judicial discretion.  Accordingly, the Magistrate Judge did not clearly err in denying Plaintiff's request to remove Home Depot's confidentiality designations.  The Court therefore overrules Plaintiff's objections to the Magistrate Judge's March 30, 2011 Order on these grounds as well.

### IV.  CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

1. Plaintiff's objections to the Magistrate Judge's March 30, 2011 Order denying her requests to reopen discovery and remove confidentiality designations are **OVERRULED**. [Doc. No. 50.]

2. Home Depot may not use any information or witnesses to introduce evidence from its ███ database on a motion, at a hearing, or at trial, that were not previously produced to Plaintiff.

**IT IS SO ORDERED.**

DATED:  August 19, 2011

Hon. Michael M. Anello
United States District Judge