# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILYAN HASSAINE and SALIM SALAHI,<br><br>                              Plaintiffs,<br>   vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation, and DOES 1 through 15, inclusive,<br><br>                              Defendants. | CASE NO. 09-cv-2215 MMA (BGS)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 30, 2011 ORDER**<br><br>[Doc. No. 50] |

Plaintiff Lilyan Hassaine has filed objections to the Magistrate Judge's March 30, 2011 Order denying her requests to reopen discovery and remove confidentiality designations under Federal Rule of Civil Procedure 72(a).[1] [Doc. No. 50.] Defendant Home Depot, U.S.A., Inc. ("Home Depot") filed a response, and the Court thereafter deemed the matter under submission pursuant to Civil Local Rule 7.1.d.1. For the reasons stated herein, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's Order.

## I. RELEVANT BACKGROUND

Plaintiff alleges on July 29, 2009, she was a business invitee at one of Home Depot's stores, and while shopping she slipped on a puddle of liquid on the floor, fell, and suffered

---
[1]Salim Salahi is no longer a party to this action. [*See* First Amended Compl., Doc. No. 52.]

1  physical injuries. Plaintiff filed this action in San Diego Superior Court, and Home Depot
2  removed the action to federal court based on diversity of citizenship.
3        On January 11, 2010, the parties filed a joint motion for the Court to enter a stipulated
4  protective order regarding the use and disclosure of confidential information. [Doc. No.13.] On
5  January 13, 2010, the Court granted the parties' joint motion, and entered the Protective Order,
6  which adopted the parties' stipulated terms. [Doc. No. 14.]
7        On April 27, 2010, the parties filed a joint motion for determination of a discovery dispute
8  before Magistrate Judge Jan M. Adler. [Doc. No. 15.] The dispute focused, *inter alia*, on
9  Plaintiff's request for production numbers 5 and 11, which sought in pertinent part, "all documents
10 relating to . . . customer personal injury accidents inside Home Depot stores nationwide" (request
11 number 5), and "All documents relating to . . . slips, trips, and/or fall type[] accidents occurring at
12 Home Depot stores nationwide over the last five years" (request number 11). [Id, pp. 22, 26.]
13       Home Depot argued Plaintiff's request for documents was too broad because she did not
14 articulate how her request for information is sufficiently similar to be relevant. [Id, p. 4.] Home
15 Depot also argued Plaintiff's request for "all documents" was unduly burdensome because it
16 would require Home Depot to search for every document located in every one of its 1,800 stores
17 across the nation.
18       On May 10, 2010, Magistrate Judge Adler issued an order to resolve the parties' dispute:

> Defendant shall produce responsive documents concerning injuries caused by floor hazards resulting from product spills on inside aisles during the past three years, in accordance with the directives provided by the Court during the May 6, 2010 conference. As discussed at the conference, Defendant need only produce corporate level (i.e., not store-level) or summary-type documents reflecting a collection or amalgamation of data. Defendant need not produce documents reflecting the minutia or details of all personal injury incidents occurring at each of Defendant's stores throughout the country.

23 ["May 10, 2010 Order," Doc. No. 17.]
24       The case was transferred to Magistrate Judge Bernard G. Skomal on June 4, 2010.
25 Thereafter, the parties filed another joint motion for determination of discovery dispute. [Doc. No.
26 22.] Plaintiff argued Home Depot did not comply with the May 10, 2010 Order, and the Court
27 should require Home Depot to produce additional documents.
28

On October 1, 2010, the Court held a discovery hearing. The Court ruled Defendant complied with the May 10, 2010 Order, and did not need to produce additional documents. Fact discovery concluded on November 19, 2010. [*See* Doc. No. 26.]

*A. The Disputed Discovery*

On January 12, 2011, the parties jointly contacted the Magistrate Judge's chambers to inform the Court they had another discovery dispute. The Magistrate Judge determined the discovery dispute should be addressed after the mandatory settlement conference, which was set for January 27, 2011. The Magistrate Judge held the conference, and the case did not settle. Thereafter, Plaintiff's counsel contacted the Magistrate Judge's chambers on March 3, 2011, to re-raise the discovery dispute.

On March 10, 2011, the Magistrate Judge ordered the parties each to file a four-page supplemental brief. Plaintiff argued discovery should be reopened so that she could obtain additional data and take additional deposition testimony. Plaintiff averred discovery should be reopened because Home Depot did not properly disclose, under Federal Rules of Civil Procedure 16 and 26, that they maintain a claims database from which accident information could be easily produced. [Doc. No. 43, p.4.; Doc. No. 43-1, ¶ 6.] She argued that if Home Depot properly disclosed the database in 2009, then Magistrate Judge Adler's May 10, 2010 Order would not have imposed such stringent limitations on her requests for documents numbers 5 and 11. Plaintiff argued she only learned of the database shortly before October 2010, and that the substance of the database was revealed during the deposition of Monica Patterson, Home Depot's corporate counsel and person most knowledgeable designee under Rule 30(b)(6). [Doc. No. 43-1 ¶ 10.]

Plaintiff seeks the following additional discovery: (1) data regarding slip and fall incidents, including employee incidents, due to all floor hazards in inside aisles at Home Depot stores for the last five years; (2) data reflecting the number of liquid spill incidents in inside aisle floors of Home Depot stores for the last five years, including employee incidents; and (3) additional testimony from Monica Patterson regarding the data production. Plaintiff also requested the Court to issue an order preventing Home Depot from designating portions of Ms. Patterson's deposition as

1  "Confidential" under the Protective Order. [Doc. No. 43, p. 4.]

2      Plaintiff argued that during Patterson's deposition, Home Depot's counsel repeatedly
3  designated "every fact related to the ▇ database as confidential." [Doc. No. 43, p.5.] Plaintiff
4  provided the following examples of facts Home Depot designated as confidential under the
5  Protective Order: (a) ▇
6  ▇ (b) ▇
7  ▇ (c) ▇
8  ▇ and (d) ▇
9  ▇) Plaintiff argued Home Depot misused the Protective
10 Order because the order was not intended to conceal personal injury liability information, and
11 instead was intended to protect Home Depot from competitive business harm. [Doc. No. 43, p.5.]
12 Plaintiff further argued that if the Court permitted Home Depot to designate such information as
13 confidential under the Protective Order, the Court would be an "inadvertent co-actor[] in the
14 concealment of liability information." [Id.]

15     Home Depot opposed Plaintiff's requests on grounds that her requests were the subject of
16 two prior discovery disputes that the Court had previously considered and decided. Home Depot
17 further argued additional testimony from its corporate designee is unnecessary because "[n]othing
18 was learned during Ms. Patterson's deposition that revealed avenues of discovery that could not
19 have been anticipated by Plaintiffs," and thus the requested discovery had already been resolved
20 by the Court's prior orders. [Doc. No. 42.]

21     On March 30, 2011, Magistrate Judge Skomal denied Plaintiff's request to conduct
22 additional discovery relating to Defendant's document production, and denied Plaintiff's request to
23 prevent Home Depot from designating testimony as confidential under the Protective Order. [The
24 "March 30, 2011 Order," Doc. No. 49.] On April 8, 2011, Plaintiff filed timely objections to the
25 March 30, 2011 Order. On April 18, 2011, Home Depot filed its response to Plaintiff's objections,
26 and the Court deemed the matter under submission.

27
28

///

## II. LEGAL STANDARD

District court review of magistrate judge orders on non-dispositive motions is limited. A district judge must consider timely objections and modify or set aside a magistrate judge's order on a non-dispositive motion only "where it has been shown that the magistrate [judge's] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a). "The 'clearly erroneous' standard applies to the magistrate judge's factual determination and discretionary orders and will be overturned 'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Center for Biological Diversity v. Federal Highway Admin*., 290 F. Supp.2d 1175, 1199 (S.D. Cal. 2003) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997)). Plaintiff does not contend the Magistrate Judge's conclusions were contrary to law, thus the relevant inquiry turns upon whether the Magistrate Judge's decisions were clearly erroneous.

## III. DISCUSSION

Plaintiff objects to the Magistrate Judge's March 30, 2011 Order to deny reopening discovery on grounds that the decision was premised on unsound reasoning. Plaintiff also argues the Magistrate Judge clearly erred when he summarily found Plaintiff had not provided sufficient reasons to conclude Home Depot's designations were improper under the terms of the stipulated Protective Order.

### A.  *Plaintiff's Request to Reopen Discovery*

Plaintiff asserts the Magistrate Judge clearly erred in reasoning that Plaintiff's discovery request is duplicative of her previous requests. Plaintiff avers the discovery she seeks is different because, *inter alia*, the "scope and time frame" of her requests are different. Plaintiff's argument, however, discounts the fact that Magistrate Judge Adler already considered the subject matter of Plaintiff's present requests, and limited the scope and time frame of such requests in his May 10, 2010 Order. Also, when Magistrate Judge Skomal concluded Plaintiff's discovery request is duplicative, he relied on Monica Patterson's deposition testimony that "[t]he only thing that is in that is not in the database is claim adjusting notes," and "[t]here are no slips, trips, falls in

1  floor product spills in ▮ that are not contained [in the information produced to Plaintiff]."
2  [Doc. No. 49, p. 5 quoting Patterson Depo., pp. 64-65 .]  Even though Plaintiff relies on other
3  portions of Patterson's deposition testimony to suggest Patterson was "coached" to make this
4  statement, this Court is not convinced it was clear error to rely on Patterson's testimony that the
5  information in ▮ is largely cumulative.

6        Plaintiff contends additional discovery should nevertheless be permitted because Home
7  Depot misled Magistrate Judge Adler regarding how burdensome Plaintiff's initial request for
8  production would be, resulting in unduly restrictive limitations on her request numbers 5 and 11.
9  Plaintiff avers Magistrate Judge Skomal had no logical basis for concluding Magistrate Judge
10 Adler's May 10, 2010 Order limited Home Depot's production obligation "for reasons not
11 necessarily limited to the burdensome nature of the search."  [Doc. No. 49.]  This Court disagrees.

12       When Magistrate Judge Adler issued the May 10, 2010 Order, he did so after considering
13 arguments pertaining to burden and relevance.  The record shows Home Depot argued that
14 Plaintiff's request for documents was overly broad, and she sought irrelevant documents that were
15 insufficiently similar to her incident.  [Doc. No. 15, p.4-5.]  The language in the May 10, 2010
16 Order indicates Magistrate Judge Adler limited Home Depot's document production to only
17 product spills that occurred within a three year time-frame to account for concerns regarding
18 relevancy.  It is reasonable to infer these limitations were imposed in response to concerns of
19 relevancy, and not burden, because such limitations would not alleviate any purported burden of
20 searching each Home Depot store for information.  Accordingly, it was not clearly erroneous to
21 conclude Home Depot's production obligations were limited for reasons other than burden.

22       Plaintiff next asserts the Magistrate Judge clearly erred in ignoring Plaintiff's argument
23 that Home Depot omitted from its data production information about employee incidents, which
24 Plaintiff avers are "clearly within the scope" of the May 10, 2010 Order.  However, the record
25 shows the parties and the Court were operating with the understanding that the relevant data at
26 issue concerned customer-related incidents, and not employee-related workers' compensation
27 claims.  [*See e.g.*, *Pl's. Statm't ISO Compelling Production*, ("Information regarding *customer*
28 personal injuries that have occurred in Home Depot stores is relevant . . . .") (emphasis added),

1  Doc. No. 15, p.11.] Also, the May 10, 2010 Order describes the discovery at issue as "personal
2  injury incidents," and not workers' compensation claims or incidents. Based on the record, it is
3  not clear that employee incidents were included in the scope of the May 10, 2010 Order, and thus
4  it was not clear error to disregard Plaintiff's argument on this ground.

5  Plaintiff next contends it was clear error for the Magistrate Judge to dismiss Plaintiff's
6  argument and evidence that Home Depot failed to comply with its disclosure obligations under
7  Federal Rules of Civil Procedure 16 and 26 by allegedly concealing the existence of an additional
8  database in December 18, 2009. Plaintiff's counsel contends he first learned the database existed
9  shortly before the October 1, 2010 discovery hearing. (Exh. B Boylan Decl. ¶ 10.) Plaintiff
10 argues that if the database had properly been disclosed in 2009, Magistrate Judge Adler's May 10,
11 2010 Order would not have imposed such strict limitations on Plaintiff's document requests.

12 The Magistrate Judge's March 30, 2011 Order recounted the untimeliness of Plaintiff's
13 request, as well as acknowledged Plaintiff's Rule 26 argument. [Doc. No. 49, p.6.] The
14 Magistrate Judge also found that based on the record, it appeared Home Depot "complied with
15 Rule 26 and that the parties agreed to produce any electronic information in written format [in
16 accordance with their joint proposed discovery plan.]" [Id.]

17 The March 30, 2011 Order reasonably concluded Plaintiff's request, based on the
18 assertion that Home Depot failed to comply with its disclosure obligations, was belated and
19 therefore militated against reopening discovery. *See, Wong v. Regents of the Univ. of Cal.*, 410
20 F.3d 1052, 1060 (9th Cir. 2005) (appropriate for federal courts to set schedules and enforce
21 compliance with deadlines). Plaintiff's counsel learned the ▉ database existed shortly before
22 October 1, 2010. Plaintiff was therefore required to raise this issue before the Magistrate Judge
23 within 30 days thereafter, by October 30, 2010 at the latest. [*See* Doc. No. 49, fn.7.] Plaintiff's
24 counsel did not raise the discovery dispute until January 12, 2011. Plaintiff's argument that she
25 did not fully understand the content and use of the database until December 2010, after she
26 deposed Home Depot's corporate designee and analyzed the deposition transcript, is unavailing.
27 [Boylan Decl. ¶ 3.] Acquiring additional information about the database's content was not
28 necessary in order to raise the issue that Home Depot allegedly failed to disclose the database in

1 the first instance.

2 　　　Furthermore, although the Magistrate Judge's chambers agreed to postpone consideration
3 of Plaintiff's argument to reopen discovery until after January 27, 2011, the inexcusable further
4 delay of failing to raise the dispute immediately thereafter is likewise unavailing.  Plaintiff did not
5 re-raise the issue until March 3, 2011.  Plaintiff's explanation that her counsel's attention turned
6 toward preparing an opposition to the summary judgment motion for the majority of the month of
7 February 2011 does not excuse Plaintiff's untimely request.

8 　　　Additionally, the Magistrate Judge did not clearly err in concluding that Plaintiff's reasons
9 for reopening discovery did not constitute good cause.  For example, the Magistrate Judge denied
10 the request to reopen discovery in part on grounds that additional fact discovery would likely
11 affect expert discovery, which can be time-sensitive and costly.  Plaintiff avers it would only take
12 a matter of hours to produce the additional documents and testimony requested.  While this may be
13 true, it is also reasonable to anticipate that the additional discovery could result in the need for
14 revised expert reports and additional depositions of expert witnesses, thereby further escalating
15 time and costs for items that were previously determined complete.  Moreover, the Magistrate
16 Judge also considered Plaintiff's arguments about the type of additional discovery she seeks (*see*
17 *supra,* p. 5), as well as the limitations imposed by the May 10, 2010 Order (*see supra,* p. 6), and
18 determined such reasons did not constitute good cause.

19 　　　Although some of the reasoning in the Magistrate Judge's March 30, 2011 Order may be
20 difficult to discern, such as how Plaintiff's requested discovery could result in the filing of
21 additional motions for summary judgment that would delay resolution of the case; why the
22 Magistrate Judge found Plaintiff did not use the entire page limitation space in her brief when she
23 used all the space allotted; or why the Magistrate Judge determined Home Depot complied with its
24 Rule 26 disclosure obligations in 2009 by providing electronic information in written format when
25 Plaintiff avers her counsel did not learn the ▇▇▇ database existed until 2010; these discrepancies
26 do not warrant setting aside the ultimate conclusion that discovery should not be reopened.  "The
27 reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes v.*
28 *City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  The Magistrate Judge

1  declined to reopen discovery on multiple adequate grounds as previously discussed.

2  For the aforementioned reasons, Plaintiff's objections to the Magistrate Judge's March 30,
3  2011 Order denying to reopen discovery are overruled.  However, to the extent Plaintiff suggests it
4  would be unjust for Home Depot to use information from the ▮▮▮ database it has not produced,
5  the Court agrees.  The Court hereby orders that Home Depot is precluded from relying upon or
6  using information from the ▮▮▮ database that was not produced to Plaintiff.

7      *B.*    *Plaintiff's Request to Remove Confidentiality Designations*

8  Plaintiff primarily asserts the Magistrate Judge clearly erred when he concluded Plaintiff
9  failed to "provide . . . sufficient reasons" to show Defendant's confidentiality designations are
10  improper under the terms of the Protective Order because the Magistrate Judge only permitted four
11  pages of briefing to present her arguments.  Plaintiff avers the Magistrate Judge did not adequately
12  consider and rule on her public policy argument that courts which enforce such protective orders
13  may become "inadvertent co-actors in the concealment of liability information."  [Doc. No. 43,
14  p.4.]

15  The Magistrate Judge's March 30, 2011 Order determined Plaintiff had "not provided the
16  Court with sufficient reasons to establish that Defendant's designations are improper . . . ."  [Doc.
17  No. 49.]  Although the Magistrate Judge's Order does not contain further explanation, it can
18  reasonably be inferred from the Order that the Magistrate Judge considered Plaintiff's arguments,
19  including her public policy argument, and found them insufficient.  Furthermore, the
20  undersigned's review of the authorities Plaintiff relied upon shows that they are readily
21  distinguishable, and the Court does not find clear error in the Magistrate Judge's determination.

22  For example, Plaintiff relies on *Nauchop v. Dominos Pizza, Inc.*, 138 F.R.D. 539 (N.D.
23  Ind.1991), to support the proposition that federal courts may be inadvertent co-actors in concealing
24  liability information.  The Court finds *Nauchop* inapposite.  In *Nauchop*, the court denied the
25  defendant's motion for entry of a protective order on grounds that the general risk of public
26  disclosure or collaborative sharing of information did not constitute good cause.  *Id* at 544.   It is
27  not readily apparent how *Nauchop* supports Plaintiff's proposition.  Moreover, courts have found
28  protective orders that limit the dissemination of liability information regarding the processes and

1  policies of a company as not unduly restrictive. *See e.g.*, *Scott v. Monsanto Co.*, 868 F.2d 786, 793
2  (5th Cir. 1989) (affirmed district court's entry of protective order in product liability action that
3  restricted use of materials to only those involved with the case, notwithstanding the plaintiffs'
4  claim of harm from inability to share and compare information with other litigants in other cases.)
5      Further, although allowing a larger number of pages in the briefing would likely have
6  provided the Magistrate Judge with a more comprehensive record to assess the issues, this type of
7  determination falls within the exercise of judicial discretion.  Accordingly, the Magistrate Judge
8  did not clearly err in denying Plaintiff's request to remove Home Depot's confidentiality
9  designations.  The Court therefore overrules Plaintiff's objections to the Magistrate Judge's March
10 30, 2011 Order on these grounds as well.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

1. Plaintiff's objections to the Magistrate Judge's March 30, 2011 Order denying her requests to reopen discovery and remove confidentiality designations are **OVERRULED**. [Doc. No. 50.]
2. Home Depot may not use any information or witnesses to introduce evidence from its ▇▇▇ database on a motion, at a hearing, or at trial, that were not previously produced to Plaintiff.

**IT IS SO ORDERED.**

DATED: August 19, 2011

                                          Hon. Michael M. Anello
                                          United States District Judge