1  **Nicholas A. Boylan, Esq. SBN 130012**
   **Kara M. Mignanelli, Esq. SBN 263038**
2  **LAW OFFICES OF NICHOLAS A. BOYLAN, APC**
   450 A Street, Suite 400
3  San Diego, CA 92101
   Phone: (619) 696-6344
4  Fax: (619) 696-0478

5
   Attorney for Plaintiff,
6  LILYAN HASSAINE

7

8                 **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

| LILYAN HASSAINE and SALIM SALAHI, individuals | **CASE NO.:  09-CV-2215 MMA (BGS)** |
|---|---|
| Plaintiffs, | **MOTION IN LIMINE NO. 10: PLAINTIFF LILYAN HASSAINE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY, ARGUMENT AND COMMENT THAT VERDICT AGAINST HOME DEPOT COULD CAUSE LOSS OF JOBS** |
| v. | |
| HOME DEPOT, U.S.A., INC., a Delaware Corporation, and DOES 1 through 15, inclusive, | |
| Defendants. | Trial Date: January 25, 2012 |
| | Pre-Trial Conference: January 13, 2012 Time: 10:00 a.m. Ctrm: 5 |

21

22       TO DEFENDANT HOME DEPOT and to their attorneys of record:

23       PLEASE TAKE NOTICE THAT PLAINTIFF LILYAN HASSAINE hereby moves this

24  Court to exclude any and all testimony, reference, argument, and comment by Defendant,

25  defense counsel and/or defendant's witnesses that a verdict against Home Depot will

26  cause employees to lose their jobs. The motion is based on FRE § 402 and § 403.

27  / / /

28  / / /

# I.    ARGUMENT

## A.    The Testimony, Comment or Argument is Irrelevant and Any Marginal Probative Value is Outweighed by the Risk of Unfair Prejudice

FRE § 403 allows the court to exercise its discretion to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.  Where a substantial danger exists that the jury will use evidence for an improper purpose, it is an abuse of discretion to allow even limited admission of such evidence despite cautionary instruction on proper purpose.

In this difficult economy, many individuals, including potential jurors may be concerned about their own job security and/or the job security of their family and friends. Defendant may seek to introduce testimony, argument or comments to cause the jury to be mindful of the supposed adverse financial consequences of awarding a verdict against Home Depot.  They may seek to introduced evidence, argument and reference to the fact that a monetary award will affect Home Depot's financial ability to maintain stores and keep employees, implying that individuals will likely be laid off due to the financial burden of incurring a verdict and having to pay a sum of money to Plaintiff for her claims.

There is also a great weight of authority in a variety of other contexts establishing a general rule that it is error to allow a jury to hear the effect of potential damages, such as to treble damages, attorneys fees, or other awards that might corrupt the jury's damage determination. *See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 433 (3d Cir.1993) (treble damages in an antitrust case); *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1242 (5th Cir.1974) (same); *Liquid Air Corp. v. Rogers,* 834 F.2d 1297, 1308 n. 7 (7th Cir.1987) (statutory penalties in a RICO case); *Brooks v. Cook,* 938 F.2d 1048 (9th Cir.1991) (attorney fees under 42 U.S.C. § 1988);*see also Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 (3d Cir.2006) (back pay in a Title VII discrimination case); *U.S. ex rel. Laymon v. Bombardier Transp.*, USA, Inc., 656

F.Supp.2d 540 (W.D. PA 2009)(evidence as to *potential* civil penalties and treble damages against defendant would be excluded as <u>it may cause an unduly prejudicial effect of causing jury's damage award to be *lower*</u>)(emphasis added).

The rationale of those cases applies here. Evidence of the effect of a damages award against a corporate defendant such as Home Depot has <u>no relevance</u> in determining the extent to which the Plaintiff was injured by Defendant's breach of duty of care. **Such testimony, argument and reference to <u>uncertain and unpredictable</u> negative economic consequences is not relevant and provides no probative evidence to any claims or defenses in this action.**

Moreover, in regard to any adverse effect that a damages award could have on Home Depot or its employees, the jury might be swayed if it were to learn of such potential detrimental effects as employee lay-offs, particularly in the current economic climate. Allowing Defendant Home Depot to make reference or comments regarding the impact of a judgment raises the risk of verdict tainted by improper considerations. The reference, comment or argument regarding the financial effects incurred by Home Depot upon a verdict are <u>unduly prejudicial</u> as it may confuse and mislead the jury on the issues of duty, negligence and damages in this case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 3 -

## II. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion *in Limine* No. 10 and enter an order excluding any and all testimony, reference, argument, and comment by Defendant, defense counsel and/or defendant's witnesses that a verdict against Home Depot will or may cause employees to lose their jobs.

DATED: December 2, 2011                 Respectfully submitted,

                                        LAW OFFICE OF NICHOLAS A. BOYLAN, APC

                                        By: _____
                                        Nicholas A. Boylan, Esq.
                                        Kara M. Mignanelli, Esq.
                                        Attorneys for Plaintiff, LILYAN HASSAINE

- 4 -

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, certify and declare that I am over the age of 18 years, employed in the

3  County of San Diego, State of California, and am not a party to the above-entitled action.

4      On December 2, 2011, I filed a copy of the following document(s):

5
6  **MOTION IN LIMINE NO. 10: PLAINTIFF LILYAN HASSAINE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY, ARGUMENT AND COMMENT THAT VERDICT AGAINST HOME DEPOT COULD CAUSE LOSS OF JOBS**

7  by electronically filing with the Clerk of the Court using the CM/ECF system which will send

8  notification of such filling to the following:

9

10

| Attorney | Party |
|---|---|
| Joshua S. Goodman, Esq.<br>e-mail: jgoodman@jgn.com<br>James Hetherington, Esq.<br>e-mail: JHetherington@jgn.com<br>Jenkins Goodman Neuman & Hamilton LLP<br>417 Montgomery Street, 10th Floor<br>San Francisco, CA 94104<br>Tel: (415) 705-0400<br>Fax: (415) 705-0411 | Attorneys for Defendant:<br>**HOME DEPOT U.S.A., INC.** |

11
12
13
14
15
16

17      Executed on December 2, 2011, at San Diego, California.  I hereby certify that I am

18  employed in the office of a member of the Bar of this Court at whose direction the service was

19  made.

20

21      s/Nicholas A. Boylan
    Nicholas A. Boylan

22
23
24
25
26
27
28